In re FORMAN ENTERPRISES,
INC., Debtor.

Northern Apparels, Inc.,
Movant/Plaintiff,

v.

PNC Bank, National Association,
Respondent/Defendant.

Bankruptcy No. 00–20523–BM.
Motion No. 01–6112M.

United States Bankruptcy Court,
W.D. Pennsylvania.

Jan. 9, 2002.

Joseph P. Nigro, Nigro & Malley, Pittsburgh, PA, for North Apparels, Inc.

Michael A. Shiner, Tucker Arensberg, P.C., Pittsburgh, PA, for PNC Bank, N.A.

Carlota M. Böhm, Houston Harbaugh, P.C., Pittsburgh, PA, Chapter 7 Trustee.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiff Northern Apparels, Inc. (hereinafter "Northern") has brought a motion to transfer venue of an adversary action to the United States District Court for the District of New Jersey, which previously had transferred venue of the complaint to this court.

Defendant PNC Bank asserts that retransferring venue to the court whence it came is inappropriate.

We will deny the motion by Northern for reasons articulated in this memorandum opinion.

—FACTS—

Debtor filed a voluntary chapter 11 petition on January 26, 2000.

In August of 2000, while the case was still a chapter 11 proceeding, Northern commenced a lawsuit against PNC in state court in New Jersey for wrongfully dishonoring a letter of credit payable to Northern for apparel debtor had purchased from it. The case was removed to the United States District Court for New Jersey in October of 2000 at the request of PNC.

On October 24, 2000, a magistrate judge granted a motion by PNC to transfer venue of the case to this court. He concluded that the case was "related to" this bankruptcy case and that Northern had not sufficiently demonstrated that a change of venue "would create any significant inconvenience". Northern neither sought reconsideration of the decision nor appealed it.

Debtor's chapter 11 case was converted to a chapter 7 case on June 6, 2001, and was reassigned to this member of the court shortly thereafter.

On October 17, 2001, nearly one year after venue of the above lawsuit was transferred to this court, Northern brought the present motion to transfer venue of the adversary action back to the United States District Court for the District of New Jersey. Northern effectively asks us to vacate or reverse the above decision of the magistrate judge and to re-transfer the case to the venue whence it came.

Northern's motion and the opposition thereto of PNC was heard on November 20, 2001.

—DISCUSSION—

Northern's motion primarily rests on two assertions.

It first asserts that we lack jurisdiction over the matter now that debtor's case has been converted to a chapter 7 case. Debtor's bankruptcy estate and its administration, Northern maintains, "will no longer be impacted by this case". According to Northern, the impact on debtor's estate of a monetary judgment in favor of Northern and against PNC would not be substantial because debtor's resulting obligation to indemnify PNC would be dischargeable in a chapter 7 case. The impact of an adjudication in favor of Northern on administration of debtor's chapter 7 estate would be *de minimis* because PNC is oversecured.

Northern additionally asserts that the United States District Court for the District of New Jersey would be more appropriate because it is more accessible to Northern and to most potential witnesses.

These assertions do not support retransferring venue of the above adversary action from this court to the United States District Court for the District of New Jersey.

Conversion of this bankruptcy case to a chapter 7 case has **not** somehow deprived this court of jurisdiction over the above adversary action.

A bankruptcy court can act only in cases and proceedings lying within its jurisdiction. It has original jurisdiction over: (1) cases under title 11; (2) proceedings arising under title 11; (3) proceedings arising in a case under title 11; and (4) proceedings related to a case under title 11. 28 U.S.C. § 1334.

A case "under title 11" is the bankruptcy case itself, which jurisdictional basis is not relevant here. *Donaldson v. Bernstein,* 104 F.3d 547, 552 (3d Cir.1997). We are concerned here with jurisdiction over an adversary action, not the bankruptcy case itself.

▪ Because the fourth of the above categories—i.e., proceedings related to a

case under title 11—is the broadest of the remaining jurisdictional bases, we "need only determine whether a matter is at least related to the bankruptcy". *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 264 (3d Cir.1991). If it so "related to", we have jurisdiction over the matter.

A proceeding is "related to" a bankruptcy case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy". *Pacor v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). A proceeding need not be against debtor or debtor's property for jurisdiction to exist under this standard. *In re Guild & Gallery Plus, Inc.,* 72 F.3d 1171, 1180–81 (3d Cir.1996).

The key word in this formulation is "conceivable". Neither certainty nor likelihood is required. Bankruptcy jurisdiction exists "so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action in the handling and administration of the bankruptcy estate." *In re Marcus Hook,* 943 F.2d at 264.

Applying these principles to the matter at hand, we conclude that we have jurisdiction over this adversary even after conversion of debtor's bankruptcy case to a chapter 7 proceeding. Resolution of the dispute between Northern and PNC would, at the very least, affect debtor's liabilities or administration of its estate. Debtor is obligated under the credit agreement underlying the letter of credit at issue here to indemnify PNC for any damages it incurred in connection with the letter of credit. A monetary judgment in favor of Northern and against PNC could conceivably affect the amount of debtor's assets that will be available for distribution to creditors other than PNC.

The magistrate judge so determined when deciding that a transfer of venue of the adversary action to this court was appropriate. Northern, which chose not to seek reconsideration of or to appeal the decision, effectively is asking us to reconsider or reverse the magistrate judge's decision. We agree with the magistrate judge and see no reason to reverse his decision merely because the case was converted to a chapter 7 proceeding.

Perhaps recognizing that this adversary action is at least "related to" the underlying bankruptcy case, Northern asserts that the impact on debtor's estate of a monetary judgment in this adversary action in its favor would be "insubstantial" or "*de minimis*".

"Related to" jurisdiction does not require the conceivable affect on debtor's liabilities or administration of its estate to exceed some threshold minimum quantum before such jurisdiction exists. Even if the effect of a proceeding on debtor's liabilities or administration of its estate amounts to a mere trifle, this suffices for purposes of "related to" jurisdiction.

The matter does not end there. There is yet another reason why we must deny Northern's motion to transfer venue of this adversary action to the United States District Court for the District of New Jersey.

Northern, we previously noted, effectively has invited us to vacate or reverse the determination of the magistrate judge that venue of this adversary action should lie in this court instead of in federal court in New Jersey. In reliance upon principles underlying the doctrine of the law of the case, we decline Northern's invitation.

Under the doctrine of the law of the case, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case". *Arizona v. Cali-*

*fornia,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). The doctrine is designed to protect finality, judicial economy, and jurisprudential integrity. *Christianson v. Colt Industries Operating Corporation,* 486 U.S. 800, 815–16, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988). It applies as much to decisions of a coordinate court as well as it does to a court's own prior decisions. *Christianson,* 486 U.S. at 816, 108 S.Ct. at 2177.

The doctrine of the law of the case applies as a matter of routine to transfer decisions made by a coordinate court. *Christianson,* 486 U.S. at 816, 108 S.Ct. at 2178. The policies underlying the doctrine apply "with even greater force" to transfer decisions than to decisions of substantive law. Transferee courts that feel entirely free to revisit the transfer decision of a coordinate court "threaten to send litigants into a vicious cycle of litigation". *Id.*

The doctrine of the law of the case is not, however, an iron-clad rule limiting the power of a federal court in such instances. It instead merely directs the court's exercise of its jurisdiction. *Public Interest Research Group of New Jersey v. Magnesium Elektron,* 123 F.3d 111, 116 (3d Cir.1997). Several "extraordinary circumstances" may warrant reconsideration of an issue previously decided in the same litigation. Included are situations in which: (1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create a "manifest injustice" if not rectified. *Public Interest Research Group,* 123 F.3d at 116–17.

Applying these principles to the present matter, we conclude that we must deny Northern's request to re-transfer this adversary to the federal district court whence it came. Northern cited to no new evidence or supervening change in the law which would dictate returning this adversary action to federal district court in New Jersey. Moreover, while reasonable minds well might disagree with the earlier decision of the magistrate judge to transfer this case to this court, we cannot say with confidence that the decision was clearly erroneous or that a manifest injustice would result if we do not "correct" the decision and re-transfer this adversary action to the United States District Court for the District of New Jersey.

An appropriate order shall issue.

### ORDER OF COURT

**AND NOW,** at Pittsburgh this **9th** day of **January,** 2002, pursuant to the accompanying memorandum opinion, it hereby is **ORDERED, ADJUDGED,** and **DECREED** that the Motion To Transfer Venue filed by Northern Apparels, Inc. be and is **DENIED.**

It is **SO ORDERED.**